IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC Q. ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:20-cv-631-JTA |
| v. | ) | |
| | ) | (WO) |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the claimant, Cedric Quentez Roberson ("Roberson"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.) [1] The Commissioner denied Roberson's claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 9, 10.)

After careful scrutiny of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

# I.    PROCEDURAL HISTORY AND FACTS

Roberson was 38 years old at the time of his alleged disability onset date of December 1, 2018.[2]  (R. 232.)[3]  He obtained a high school education, and enlisted in the U.S. Army, where he received an honorable discharge.  (R. 347, 696.)  His work history consists of employment as an assembly worker, barber, brake assembler, and forklift driver between 2014 and 2018.  (R. 347.)  Roberson sought a disability determination due to post-traumatic stress disorder ("PTSD"), chronic lower back pain, and chronic pain in his neck, shoulders and knee.  (R. 233.)

On March 28, 2019, Roberson protectively filed for a period of disability and DIB under Title II (42 U.S.C. §§ 401, *et seq.*), and filed an application for SSI under Title XVI (42 U.S.C. §§ 1389, *et seq.*).  (R. 167.)  These claims were initially denied on June 7, 2019.  (R. 266.)  Roberson requested an administrative hearing on June 17, 2019.  (R. 273.)  The hearing was held by telephone on March 23, 2020.  (R. 182.)  The Administrative Law Judge ("ALJ") returned an unfavorable decision on May 7, 2020.  (R. 164-176.)

Roberson submitted additional evidence for consideration by the Appeals Council.  (R. 8-163.)  On July 25, 2020, the Appeals Council denied his request for review (R. 1),

---

[2] Roberson initially alleged a disability onset date of December 6, 2017, but the onset date was amended to December 1, 2018, during the administrative hearing.  (R. 185.)

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case.  (*See* Doc. No. 17.)

and the hearing decision became the final decision of the Commissioner.[4]   On August 28, 2020, Roberson filed the instant action seeking review of the Commissioner's final decision.  (Doc. No. 1.)  This matter is ripe for review.

## II.      STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).   Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled

---

[4] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   42 U.S.C. § 405(g).   The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

## III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB and SSI must prove that he is disabled.[5]   *See* 20 C.F.R. § 404.1505; 20 C.F.R. § 416.920.   The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process.   *See* 20 C.F.R. § 404.1520.   The evaluation is made at the hearing conducted by the ALJ.   *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).

---

[5] Although DIB and SSI are separate programs, the standards for determining disability are identical.   *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with

his RFC, age, education, and work experience.  20 C.F.R. § 404.1560(c).  Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Roberson met the insured status requirements of the Social Security Act through December 31, 2023.  (R. 170.)  The ALJ also found that Roberson had not engaged in substantial gainful activity since December 1, 2018.  (*Id.*)

The ALJ found Roberson had severe impairments of degenerative disc disease, osteoarthritis, obesity, depression and PTSD.  (R. 170.)  Nevertheless, the ALJ concluded that Roberson's severe impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (*Id.*)

After consideration of the entire record, the ALJ determined that Roberson retains the RFC to perform light work[6] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except Roberson can only occasionally perform postural activities.  (R. 172.)  The ALJ found the following workplace limitations applicable to Roberson:

> [H]e can only occasionally perform postural activit[ies] such as climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling.  [He] cannot climb ropes, ladders, and scaffolds.  He must have no exposure to vibrations and workplace hazards such as unprotected heights and dangerous

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

machinery. [He] can understand, remember, and carry out simple work instructions. He can adapt to only occasional changes in the work setting. He can have only occasional interactions with the general public, coworkers, and supervisors.

(R. 173.)  In accordance with this RFC, the ALJ concluded Roberson is unable to perform any past relevant work, but could perform other jobs that exist in significant numbers.  (R. 174-76.)

After considering Roberson's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that he can perform.  (R. 175.)  The ALJ further concluded that Roberson had not been under a disability from December 1, 2018, through May 7, 2020, the date of the ALJ's decision. (R. 176.)  The ALJ found that based on the application for a period of disability and DIB filed on March 28, 2019, Roberson is not disabled under sections 216(i) and 223(d) of the Social Security Act.  (*Id.*)  The ALJ further found that based on the application for SSI filed on March 28, 2019, Roberson is not disabled under section 1614(a)(3)(A) of the Social Security Act.  (*Id.*)

## V.   DISCUSSION

Roberson raises two issues on appeal. First, Roberson argues the ALJ failed to properly evaluate his tinnitus and sleep apnea.  (Doc. No. 15 at 8.)  Second, Roberson argues the additional evidence he submitted to the Appeals Council warrants remand.  (*Id.* at 8, 10.)  The Court addresses each of Roberson's arguments below.

A. Roberson's Tinnitus and Sleep Apnea

Roberson contends the ALJ's decision was devoid of any mention of his tinnitus or sleep apnea, providing no way for a reviewing court to know whether the ALJ took these impairments into consideration. (Doc. No. 15 at 10.) Roberson asserts the ALJ does not mention the severity of his tinnitus or sleep apnea in his analysis at step 2 and fails to consider these impairments in the latter parts of the decision when discussing his RFC. (*Id.* at 9, 10.) Roberson also asserts he testified to these conditions at the administrative hearing, and the medical record includes diagnoses and medical findings supporting these conditions. (*Id.* at 9-10.) Roberson contends this case should be remanded for proper consideration of his tinnitus and sleep apnea. (*Id.* at 10.)

In response, the Commissioner argues that substantial evidence supports the ALJ's RFC finding in light of Roberson's sleep apnea and tinnitus. (Doc. No. 16 at 3.) The Commissioner contends Roberson would not require additional limitations on his RFC as a result of his sleep apnea or tinnitus because the medical records reflect little to no complaints related to those conditions and little treatment for the same. (*Id.* at 4-5.) The Commissioner concludes the ALJ did not err by not mentioning these conditions. (*Id.* at 5.)

The Court is not persuaded by Roberson's argument. The ALJ was not required to consider the limitations posed by Roberson's tinnitus and sleep apnea because he did not allege them as a basis for disability. *See Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) ("[I]t has been previously held that an administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits

and not offered at the hearing as a basis for disability." (quotations and citation omitted)). The record shows that Roberson sought a disability determination due to PTSD, chronic lower back pain, chronic pain in his neck and shoulders and chronic knee pain.  (R. 233.) Roberson did not reference tinnitus and sleep apnea.  In addition, tinnitus and sleep apnea are not listed as conditions that limit Roberson's ability to work in his Disability Report. (R. 346.)

Regarding his hearing testimony, Roberson testified at the hearing that he had been diagnosed with tinnitus which causes him to "concentrate more to soothe the burning and tingling in his ears." (R. 192.)  He further testified that he suffers from tinnitus pain weekly and takes over the counter medication to soothe the pain.  (*Id*.)  However, Roberson did not list any over the counter medications for tinnitus on his medications list.  (R. 377.) Roberson also testified that he had been diagnosed with sleep apnea and sleeps with a breathing machine.  (R. 193).  He testified that he suffers daytime fatigue daily from the sleep apnea.  (*Id*.)  But when asked what causes him the most pain, Roberson testified that his neck, shoulders and lower back are the biggest problems that cause him the most pain. (R. 188.)

The record shows that Roberson has been diagnosed with tinnitus and sleep apnea. (R. 430, 441, 552.)  The medical record also shows that Roberson has denied fatigue, weakness and shortness of breath.  (R. 704-05.)  He has denied weakness, hearing loss and tinnitus.  (R. 412.)  He has also expressly denied significant hearing defects, but reported only slight decreased hearing at time.  (R. 696.)

"[A] diagnosis or a mere showing of a deviation from purely medical standards of bodily perfection or normality is insufficient [to prove disability]; instead, the claimant must show the effect of the impairment on [his] ability to work." *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (quotations and citation omitted). *See also Hutchinson v. Astrue*, 408 F. App'x 324, 325 (11th Cir. 2011) ("[P]roof of the mere existence of impairments does not prove the extent to which they limit a claimant's ability to work."). Simply stated, Roberson must show that his diagnoses cause functional limitations to establish his disability. *See Moore v. Barnhart*, 405 F.3d 1208, 1214 n.6 (11th Cir. 2005); *see also Osborn v. Barnhart*, 194 F. App'x 654, 668 (11th Cir. 2006) (discounting physician's "medical records [that] reveal only diagnoses, not reasoned and medically-supported opinions detailing [the plaintiff's] work limitations or limited functions").

Here, the Court cannot find any portion of the hearing transcript in which Roberson or his representative mention or discuss the limitations originating from his tinnitus and sleep apnea. Roberson's mere reference to his tinnitus and sleep apnea diagnoses or symptoms related thereto in the medical record is insufficient to establish the existence of a functional limitation that the ALJ must assess and account for in his decision. *See Willyard v. Saul*, No. 8:19-cv-2537-T-TGW, 2020 WL 7074467, at *4 (M.D. Fla. Dec. 3, 2020) ("[A] claimant cannot prove disability simply by reference to symptoms."). Accordingly, because Roberson fails to identify any specific limitations that relate to his tinnitus and sleep apnea, he fails to show how the RFC is unsupported by substantial evidence. *See Wind*, 133 F. App'x at 690; *Moore*, 405 F.3d at 1214 n.6.

B. New Evidence Submitted to Appeals Council

Roberson argues the Appeals Council erred in denying review of his additional medical evidence. (Doc. No. 15 at 12.) Roberson submitted records from five different sources but only challenges the Appeals Council's denial as to records from two sources: (1) a Mental Impairment Questionnaire ("MIQ") from Dr. Robert Storjohann and (2) medical records from Central Alabama Veteran's Health Care System ("CAVHCS"). (*Id*. at 12-15.) The MIQ is dated June 15, 2020, and states it represents Roberson's impairments from December 1, 2018. (R. 72, 74.) The CAVHCS records, which date from October 18, 2019 to May 5, 2020, include an MRI of Roberson's cervical spine and a "recommend[ed] referral to Neurosurgery." (R. 21-70.) Roberson argues that the CAVHCS records show that continued treatment did not lead to improvement in his condition or his pain. (Doc. No. 15 at 15.) Roberson argues that both records would reasonably change the outcome of the decision. (*Id*. at 12.)

Roberson relies on *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253 (11th Cir. 2007), in which the Eleventh Circuit concludes that a federal district court must consider evidence not submitted to the ALJ but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security Benefits. *Id.* at 1257. However, Roberson's reliance on *Ingram* misses the mark. *Ingram* interpreted an outdated regulation which has since been amended. *See Marshall v. Kijakazi*, 2021 WL 4168107, at * 2 (M.D. Fla. Sept. 14, 2021) (noting the holding in *Ingram* "was based on the language of 20 C.F.R. 404.970(b), *see id*., which has since been amended") (citing 20 C.F.R. § 404.970(a)(5)). Under the amended regulation, 20 C.F.R. § 404.970(a)(5), review will be granted by the

Appeals Council when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." *Id.* In addition, the claimant must state "good cause" for not previously submitting the evidence to the ALJ. 20 C.F.R. § 404.970(b).

Hence, under the regulations, Roberson must show the evidence relates to the period on, or before, the date of the ALJ's decision, (2) the evidence is new, (3) the evidence is material, (4) there is a reasonable probability that the additional evidence would change the outcome of the decision and (5) there is good cause for not submitting the evidence earlier. *Marshall*, 2021 WL 4168107, at * 3. Evidence is material if there is a "reasonable possibility" that it would change the administrative result. *Hargress v. Soc. Sec. Admin.*, 883 F.3d 1302, 1310 (11th Cir. 2018); *see also Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987) ("material" means "relevant and probative so that there is a reasonable possibility that it would change the administrative result").

The Appeals Council considered the CAVHCS records and found that the records "do[ ] not show a reasonable probability that [they] would change the outcome of the decision." (R. 2.) The Appeals Council also found that the MIQ did "not relate[ ] to the period at issue" and thus "[did] not affect the decision about whether [Roberson was] disabled beginning on or before May 7, 2020. (*Id.*)

Here, Roberson fails to show that the Appeals Council erred in its determination. Under the regulations, the Appeals Council will not review evidence that does not "relate[ ] to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5);

*see Griffin v. Commissioner of Social Security*, 723 F. App'x 855, 857–58 (11th Cir. 2018). Since the MIQ postdates the ALJ's decision by over a month, does not discuss any prior medical records reviewed by Dr. Storjohann or provide justification on why his opinion related back to 2018, it is not chronologically relevant. *See Hargress*, 883 F.3d at 1309-10 (declining to find post-hearing medical records relevant when they did not indicate that "the doctors considered [the claimant's] past medical records or that the information in them relate[d] to the period at issue."). The MIQ only appears to be a questionnaire completed by Dr. Storjohann for June 2020 which is based upon Roberson's subjective complaints.

Moreover, whether the Appeals Council correctly found that the MIQ was chronologically relevant does not matter, because the MIQ was not material. *Sober v. Comm'r, Soc. Sec. Admin.*, 841 F. App'x 109, 113 (11th Cir. 2020) ("[W]hether the Appeals Council correctly found or did not find a particular piece of evidence chronologically relevant does not matter[] because none of the additional evidence Sober presented was material."). Dr. Storjohann completed a one-time psychological evaluation of Roberson and opined that Roberson had marked mental limitations that went back to 2018. (R. 72-74, 76.) In particular, Dr. Storjohann opined that Roberson had marked limitations interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself with attendant limitations on his ability to function and his impairments would cause him to be absent from work more than four days a month. (R. 72-74.) However, Dr. Storjohann provided no support or explanation for his opinion which appears to be solely based on subjective reports. The ALJ considered a similar evaluation

when he considered the evaluation of Dr. James Temple.  (R. 174.)  The ALJ concluded Dr. Temple's evaluation was "not persuasive" since "Dr. Temple is not a treating source. It was a [one] time evaluation." (R. 174.)  The ALJ also noted that "[t]here is little rationale or explanation for [Dr. Temple's] limitations and they appear to be based mainly on subjective reports." (*Id*.)  Considering the ALJ was not persuaded by Dr. Temple's one-time evaluation of Roberson, there is no basis to find that the ALJ would reach a different conclusion as to Dr. Storjohann's MIQ.  Consequently, the Court finds that there is no reasonable probability that Dr. Storjohann's MIQ would change the outcome of the ALJ's decision.

Likewise, Roberson's arguments pertaining to the medical records from CAVHCS are not meritorious.  Roberson places a focal point on an April 23, 2020 progress note which documents Dr. Roy Jefferson's review with Roberson of a cervical spine MRI that showed multiple disc protrusions and led to a referral to neurosurgery.  (Doc. No. 15 at 15; R. 24.)  This cervical spine MRI was already in the record before the ALJ.  (R. 729-730.)  Although Roberson argues that this note depicts him having to be referred to neurosurgery due to his degenerative disc disease, the note states nothing about his limitations from the condition and thus is not a medical opinion.  *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions.").  Considering the notes from CAVHCS do not provide reasoned and medically-supported opinions detailing Roberson's work limitations or limited functions, *see Osborn*, 194 F. App'x at 668, and the MRI was already in the

14

administrative record, the Court finds there is no reasonable probability that the CAVHCS records would change the outcome of the ALJ's decision. Hence, the Appeals Council reasonably denied Roberson's request for review, and remand is not warranted.

## VI.   CONCLUSION

After review of the administrative record, and considering all of Roberson's arguments, the Court finds the Commissioner's decision to deny him disability is supported by substantial evidence and is in accordance with applicable law. In addition, the Court finds the additional evidence brought before the Appeals Council was chronologically irrelevant or immaterial, thus the Appeals Council did not err in denying review of the ALJ's decision. Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 27th day of June, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE